## WARNER v. CONSOLIDATED ICE CO.

(Supreme Court, Appellate Division, Second Department. March 21, 1899.)

EMPLOYMENT—CONTRACT.
　　A driver of an ice wagon, who was credited by his employer with a certain percentage for shrinkage, varying from 5 per cent. in the winter to 10 per cent. in the hot weather, and who was aware of these percentages, but claimed to be entitled to a greater percentage, because he had a long route from the storage depot, is, at most, entitled to no more than 10 per cent. allowance; there being no claim that any other driver received more than that, and he having merely stated to the superintendent that he could not run his route without being credited with a shrinkage equal thereto, to which the superintendent made no reply.

Appeal from municipal court, borough of Brooklyn, Second district.
Action by Charles W. Warner against the Consolidated Ice Company. From a judgment for plaintiff, defendant appeals. Reversed.
Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Daly, Hoyt & Mason, for appellant.
Henry L. Maxson, for respondent.

PER CURIAM. This action is brought to recover a specified sum for wages as a driver of an ice wagon. The defendant claimed that the plaintiff was indebted to it in the sum of $38.45, which it sought

to counterclaim against the plaintiff. The evidence taken upon the trial tended to establish that the plaintiff received his load of ice in the morning, the same was weighed, and he was charged with the amount; that when he returned he was credited with ice delivered to customers to whom credit was given, and for cash returned for cash sales. He was also credited with a certain percentage for shrinkage. This percentage varied from 5 per cent. in the winter to $7\frac{1}{2}$ per cent. in the spring and 10 per cent. in the hot weather. The plaintiff was aware of the amount of these percentages, but he claimed to be entitled to a greater percentage by reason of having to drive a longer route from the storage depot. The plaintiff does not claim at any time that he was to be credited with a greater rate than 10 per cent., and his right to that sum is based upon his statement to the superintendent that he could not run his route without being credited with a shrinkage equal thereto. He testifies that when he made, this complaint the superintendent made no reply, and it is evident that no arrangement was then made as to any particular amount which he should be allowed for shrinkage. The plaintiff did not claim that during the time he was at work, and when he made his protest, that any other driver in the employ of the defendant was allowed a greater rate than 10 per cent. for shrinkage, and in no view of the testimony do we think that he could be allowed any greater rate than 10 per cent. There is no dispute of the figures as to the amount of ice delivered, or that he was properly credited with all the returns of ice delivered and sold. Allowing 10 per cent. for shrinkage, which is the full amount that the evidence, in any view, will justify, he would still be indebted to the company in the sum of $24.70. Allowing to the defendant this sum, it should have been awarded a judgment against the plaintiff for the sum of 70 cents.

It follows that the judgment should be reversed.

Judgment reversed, and new trial granted, costs to abide the event.